IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAYTHIA JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. Action No. 02-CV-04761-BMS |
| ) | |
| ADAMS MARK HOTEL, ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Adam's Mark Hotel hereby files its Answer to Plaintiff's Amended Complaint and asserts the affirmative defenses set forth below:[1]

1. Admitted in part, denied in part. It is admitted only that Paythia B. Jenkins is the Plaintiff in this matter. Defendant is without knowledge or information sufficient to form a

---

[1] Defendant has only answered Plaintiff's Amended Complaint (Docket No. 4) which is an exact copy of the Administrative Complaint she filed with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC") on or about April 17, 2000. On April 19, 2002, the EEOC issued a dismissal and notice of right to sue to Plaintiff with a copy to Defendant's counsel disposing of Plaintiff's discrimination claims pled in her April 17, 2000 administrative complaint. Plaintiff's original Complaint in this matter (Docket No. 3) consists of an exact copy of a second administrative complaint Plaintiff filed with the PHRC and the EEOC on or about June 29, 2001. Neither Defendant nor undersigned counsel has received a copy of a dismissal and notice of right to sue from the EEOC with respect to Plaintiff's June 29, 2001 administrative complaint. Thus, it appears that Plaintiff's second charge of discrimination is still pending before the EEOC. Defendant assumes it is for this reason an Amended Complaint containing only the April 17, 2000 charge was filed. To the extent that Plaintiff intends to proceed in this matter upon the allegations from her June 29, 2001 administrative complaint, Defendant reserves the right to answer or otherwise plead to those allegations at such time as they are properly pled in a single amended complaint filed with this Court.

belief as to the truth or falsity of the remaining averments in paragraph 1 and therefore denies said averments.

    2.    Denied.  The Adam's Mark Hotel is not a legal entity and does not have the capacity to be sued.  The legal entity which employed Plaintiff and which owns and operates the Adam's Mark Hotel located at City Line Avenue and Monument Road is 717 HB Philadelphia Corp. No. 2.

    3.    Denied.  Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint.

        a.    Denied.  Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint.

            (1)    Denied as stated.  The Adam's Mark Hotel is not a legal entity and was not Plaintiff's employer.  By way of further response, Plaintiff began her employment with 717 HB Philadelphia Corp. No. 2 as Room Service Manager at the Philadelphia Adam's Mark Hotel on or about August 9, 1999.

            (2)    Admitted.

            (3)    Admitted in part, denied in part.  It is admitted that George Frettos and Konstantinos Angelis are of Greek national origin.  It is denied that either Mr. Frettos or Mr. Angelis refused to recognize Plaintiff as their supervisor.  By way of further response, both Mr. Frettos and Mr. Angelis complained to the Personnel Department about

    Plaintiff's management style, specifically that she was impatient and abrupt in her manner.

(4) Admitted. It is admitted that the previous Room Service Manager was Walter Dadura, a white male.

(5) Denied as stated. Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint. By way of further response, Gregg Metzinger, the Director of Personnel advised Plaintiff of numerous complaints made by the employees that she supervised including that she: (1) frequently came to work late and left early; (2) favored employees that she had hired versus those employees who had been employed for a longer period of time; (3) never assisted the servers during busy times even when they were overwhelmed with orders; and (4) just sat at her desk watching the room servers as opposed to assisting them.

(6) Denied. Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint. By way of further response, it is denied that Plaintiff was not given the benefit of the doubt when complaints were made against her. Mr. Metzinger reviewed each complaint with Plaintiff and advised her regarding the actions that were necessary to get the room service department into shape and provided her with guidance regarding the proper

methods for handling performance and insubordination issues with the employees she supervised.

(7) Denied.

(8) Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

(9) Admitted.

(10) Admitted in part, denied in part. It is admitted that a meeting was held between Plaintiff and Mr. Metzinger, Shari Kourahanis, the Employment Manager, and William Mather, the Assistant Food and Beverage Director. It is denied that Mr. Metzinger told Plaintiff that there were serious allegations against her or that Plaintiff should think before saying anything. It is further denied that Mr. Metzinger accused Plaintiff of discriminating against foreigners. By way of further response, the purpose of the meeting was to discuss the allocation of tips associated with Banquet Event Order events handled by room service personnel and to address complaints by room service personnel that Plaintiff was taking a portion of these tips for herself.

(11) Denied.

(12) Denied. By way of further response, Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint.

(13) Admitted in part, denied in part. It is admitted that Plaintiff attempted to justify her taking of a portion of the Banquet Event Order gratuities for herself by alleging that the prior Room Service Manager had engaged in the same practice. It is denied that the prior Room Service Manager took any portion of the Banquet Event Order gratuities for himself.

(14) Denied. By way of further response, Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint.

(15) Denied. By way of further response, Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint.

(16) Denied.

b. Denied. By way of further response, Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint.

(1) Denied.

(2) Denied. By way of further response, Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint.

4.  Denied. By way of further response, Defendant incorporates by reference herein its answer to paragraph 2 of the Amended Complaint. It is specifically denied that Plaintiff is entitled to any relief under §9 of the Pennsylvania Human Relations Act.

5.  Denied as stated. It is denied that Plaintiff's Amended Complaint was dual filed with the Equal Employment Opportunity Commission ("EEOC"). It is admitted that Plaintiff's charge of discrimination filed with the Pennsylvania Human Relations Commission was dual filed with the EEOC.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to state any claims upon which relief can be granted.

2.  Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to sue a legal entity which has the capacity to be sued. The "Adams Mark Hotel" is not a legal entity and does not have the capacity to be sued.

3.  Plaintiff's claims are barred by Plaintiff's own actions.

4.  Plaintiff's claims are barred by the applicable statutes of limitation.

5.  Plaintiff's claims and damages are barred due to Plaintiff's failure to exhaust her administrative remedies prior to filing her Amended Complaint.

6.  Plaintiff's claims are barred due to the Court's lack of jurisdiction.

7.  Plaintiff's claims are barred due to Plaintiff's failure to establish a *prima facie* case of race discrimination.

8.  Plaintiff's claims are barred due to Plaintiff's failure to establish a *prima facie* case of gender discrimination.

9. Defendant and its agents at all times relevant to this action acted in a lawful manner and Plaintiff's employment ended when she voluntarily resigned.

10. Plaintiffs' claims are barred because Plaintiff has suffered no damages.

11. Plaintiff failed to mitigate any damages purportedly sustained.

12. At all times relative hereto, Defendant and its agents acted in good faith and have not violated any rights under any applicable law, rule, regulation or guideline.

13. Plaintiff's claims are barred on the doctrine of accord and satisfaction.

14. Plaintiff's claims are barred because Plaintiff cannot demonstrate that Defendant's actions were pretextual.

15. Plaintiff's claims are barred because Plaintiff cannot demonstrate that Defendant retaliated against her.

16. Plaintiff's claims are barred under the doctrines of laches, estoppel, unclean hands and/or election of remedies.

17. Plaintiff's claims for punitive damages are barred because Defendant has engaged in no conduct giving rise to an award of punitive damages.

18. Plaintiff is not entitled to punitive or compensatory damages or a trial by jury with respect to all or a portion of her claims.

WHEREFORE, Defendant Adam's Mark Hotel requests that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Amended Complaint with prejudice

and awarding to Defendant the costs and expenses of this action including reasonable attorney's fees and any such other further relief as the Court may deem just and proper.

                        Respectfully submitted,

                        DUANE MORRIS LLP

                        Teresa N. Cavenagh, Esquire
                        Stephen A. Mallozzi, Esquire
                        One Liberty Place
                        Philadelphia, PA 19103
                        (215) 979-1808/1815
                        (215) 979-1020 (fax)

                        Attorneys for Defendant
Dated: September 3, 2002           Adam's Mark Hotel

PH2\647381.1

**CERTIFICATE OF SERVICE**

    I, Stephen A. Mallozzi, Esquire, hereby state that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint was served by First Class Mail, postage prepaid, on September 3, 2002 upon the following:

        Paythia B. Jenkins
        514 Oaklane Avenue
        Philadelphia, PA  19126

                                        Stephen A. Mallozzi